UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

KATELAN BLAIR                                                                                          PLAINTIFF

v.                                                           CIVIL ACTION NO. 5:11-CV-117-R

KEVIN BYARS et al.                                                                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff, Katelan Blair, *pro se*, moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in this case (DN 3).  The Court concludes that Plaintiff cannot without undue hardship pay the fees or costs in this action.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 3) is **GRANTED**.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

I. SUMMARY OF CLAIMS

Plaintiff initiated this action by filing a complaint against Defendants Kevin Byars and his employees and William Hillyer and other "third parties."  She complains that Defendants have violated state and federal laws, conspired against her rights under Section 241, deprived her of her rights under color of law, and threatened her.  She specifically states that she is entitled to the full protection of the Equal Protection Clause of the Fourteenth Amendment.

II. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if

the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges that Defendants violated her constitutional rights.  However, the Constitution does not apply to the conduct of private persons; it applies to conduct by the government.  Conduct of private parties "lies beyond the Constitution's scope in most instances, . . . [though] governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints."  *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620

(1991).  A private citizen is not liable for an alleged constitutional violation unless:  (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor."  *Id.*

Nothing in Plaintiff's complaint or attachments thereto shows that Defendants are state actors, *i.e.*, acted under color of state law.  Consequently, Plaintiff's constitutional claims against Defendants fail to state a claim for which relief may be granted.

Plaintiff's complaint also does not state a claim under 18 U.S.C. § 241.  Section 241 provides criminal penalties, not civil remedies, for, among other things, "deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," under color of a state law, statute, ordinance, regulation, or custom.  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  The Court does not have the power to direct that criminal charges be filed.  *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).  Thus, Plaintiff's claims under the criminal code fail.

Nor can jurisdiction for Plaintiff's complaint be premised on the diversity statute, 28 U.S.C. § 1332(a), as there is no diversity of citizenship between the parties.  Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . . "  28 U.S.C. § 1332(a)(1).  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. &*

*Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Plaintiff, however, neither claims that the action exceeds $75,000 nor demonstrates that she and all Defendants are citizens of a State other than Kentucky.  Plaintiff's address and Defendants' addresses are all in Kentucky.  Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

### III. CONCLUSION

For the foregoing reasons, the Court will enter an Order consistent with this Memorandum Opinion and Order.

Date:

cc:     Plaintiff, *pro se*
4413.009